UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEP BY STEP SCHOOL,<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Defendant. | :<br>:<br>:<br>:  Civil Action No. 23-2324 (BRM)<br>:<br>:<br>:<br>:  OPINION & ORDER<br>:<br>:<br>:<br>: |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Defendant Philadelphia Indemnity Insurance Company ("Defendant") seeking to impose Federal Rule of Civil Procedure 37 sanctions on Plaintiff Step by Step School ("Plaintiff"). *See* Dkt. No. 30. Plaintiff filed an opposition to the motion [Dkt. No. 33], and Defendant replied [Dkt. No. 34]. For the reasons set forth below, Defendant's motion for Rule 37 sanctions [Dkt. No. 30] is **GRANTED**.

**I.    BACKGROUND**

Plaintiff Step by Step School ("Plaintiff") initiated this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey on or about March 17, 2023. Dkt. No. 1-2. On April 27, 2023, Defendant Philadelphia Insurance Company ("Defendant") removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal, Dkt. No. 1. This case is about an insurance coverage dispute between Step by Step School (the "School") and Defendant, an insurance company, involving alleged water damage at the School, located at 720 Monroe Street, Suite 107, in Hoboken, New Jersey. Complaint ("Compl.") at 1. Plaintiff seeks compensation from Defendant, its insurer, for water damage at the School allegedly caused by Hurricane Ida in September of 2021. *Id.* at ¶ 2. Defendant denies

coverage and claims the damage is not covered under Plaintiff's insurance policy. Compl. ¶¶ 3-4. In turn, Plaintiff asserts claims of breach of contract (Count One), negligence (Count Two), and violations of New Jersey Administrative Code § 11:2-17-7 (Count Three), which mandates prompt investigation and settlement of insurance claims. *See* Compl. Defendant filed its Answer to the Complaint on May 10, 2023, denying Plaintiff's allegations and raising several affirmative defenses. Dkt. No. 6.

1. **Disputes over Plaintiff's Written Discovery**

The Court held an initial conference with the parties on July 24, 2023, and set a deadline for fact discovery at January 1, 2024. Pretrial Scheduling Order ¶ 2, Dkt. No. 10. The Court also scheduled a status conference for November 13, 2023, and directed the parties to file a joint status letter in advance of that conference. *Id.* ¶ 10. On October 20, 2023, and in accordance with the Pretrial Scheduling Order, Defendant notified the Court of certain outstanding discovery disputes between the parties. *See* Dkt. No. 11. Specifically, Defendant claimed that Plaintiff failed "entirely" to respond to Defendant's first set of interrogatories and requests for production of documents, which were served on August 11, 2023. *Id.*; *see* Def.'s Moving Br. at 17, Dkt. No. 30.

On November 13, 2023, following a telephonic status conference with the parties, the Court extended the deadline for fact discovery to February 2, 2024. Dkt. No. 12. After the conference, Defendant again requested written discovery responses from Plaintiff. *See* Dkt. No. 13 at 2. Plaintiff did not respond, prompting Defendant's December 22, 2023 letter to the Court wherein Defendant sought leave to file a discovery motion, claiming it "has been substantially prejudiced as a result of Plaintiff's refusal to provide timely discovery responses." *Id.* On January 17, 2024, the Court issued an Order directing Plaintiff to respond to Defendant's requested discovery by February 2, 2024. Dkt. No. 14 at 1. Moreover, the Court stated that it would entertain the possibility

of a discovery motion at the upcoming February 5, 2024 telephone conference if Plaintiff failed to respond to Defendant's requested discovery. *Id.* Defendant notes that, on February 2, 2024, Plaintiff at last provided responses, albeit only impartial, to Defendant's first and second set of written discovery requests:

> Plaintiff provided initial responses to the First Set [of interrogatories and document requests] on February 2, 2024, which were deficient by completely ignoring: Interrogatories #1-2 and 7-10 from the First Set.

*See* Def.'s Moving Br. at 7; *see also* Dkt. No. 21 at 2. Defendant requested supplemental responses from Plaintiff for its "deficient" answers to Defendant's first set of interrogatories, and Plaintiff "promised," supplemental responses but did not provide them until March of 2024. Def.'s Moving Br. at 17; Dkt. No. 21 at 2.

At Plaintiff's request, the Court rescheduled the February 5, 2024 telephonic status conference to March 7, 2024. *See* Dkt. No. 17. During the March 7, 2024 status conference, the Court verbally directed Plaintiff to answer all outstanding discovery, and extended the fact discovery deadline to May 1, 2024. Dkt. No. 20 at ¶ 1; *see* Def.'s Moving Br. at 7; Dkt. No. 21 at 2. By this time, the Court had twice ordered Plaintiff to respond to Defendant's requested discovery, and Defendant again contacted Plaintiff in hopes of resolving Plaintiff's still "deficien[t]" answers to Defendant's interrogatories and document requests. Dkt. No. 21 at 2. Two purported deficiencies identified by Defendant were Plaintiff's responses to (1) "Interrogatory # 12, requesting identification of leaks in the five years prior to the loss," and (2) "Request for Production of Documents # 6, requesting documentation and communications relating to insurance claims at the School in the last five years." Def.'s Moving Br. at p. 2; *see* Dkt. No. 30-2 at 5. Plaintiff responded to Interrogatory # 12 by claiming, "[u]pon the advice of counsel, this question is objectionable as it is overbroad and not reasonably calculated to lead to the discovery of

3

admissible evidence." Dkt. No. 30-2 at 5. In response to Request for Production # 6, Plaintiff asserted attorney-client and work-product privileges. *Id.* at 11.

At issue in this case is whether the alleged water damage at the School relates to the claimed date and cause of loss, making Plaintiff's answers to Interrogatory #12 and Request for Production #6 directly relevant to the parties' claims and defenses. Def.'s Moving Br. at 2, 12-13. Yet, despite the Court's January 17, 2024 order directing Plaintiff to respond to all outstanding discovery, Plaintiff maintained that its discovery responses were sufficient and that "none require[d] amendment." *Id.* at 7; Dkt. No. 21 at 2.

2. **Plaintiff's Failure to Appear for Properly Noticed Depositions**

Separate and apart from disputes over Plaintiff's written discovery responses, and more importantly, Plaintiff's counsel and Plaintiff's witnesses failed to appear for four depositions and were severely untimely in canceling two other scheduled depositions. Def.'s Moving Br. at 9. Defendant initially informed the Court in an April 3, 2024 letter that Plaintiff failed to produce its corporate designee, Johnny Callaway ("Callaway"), for deposition in January of 2024, "despite an agreed upon date and proper notice consistent with Federal Rule of Civil Procedure 30(b)(6)." Dkt. No. 21 at 3; *see* Dkt. No. 30-7 at 1-2. The deposition of Mr. Callaway was set to proceed on January 24, 2024, but neither Plaintiff's counsel nor Mr. Callaway appeared. *Id.* Plaintiff's counsel did not provide notice to Defendant that they would be unable to attend. *Id.* As a result, Defendant incurred $2,367.35 in expenses for Plaintiff's failure to appear for Mr. Callaway's scheduled deposition, inclusive of court reporter, videographer and attorney's fees. *See* Dkt. No. 30-13 at 1, 3-4; Dkt. No. 30-15 at 2.

In March of 2024, Defendant sought to reschedule the deposition of Mr. Callaway, which efforts Plaintiff's counsel ignored. *Id.*; *see also* Def.'s Moving Br. at 10-11. With the May 1, 2024

fact discovery deadline quickly approaching, Defendant was forced to unilaterally reschedule the deposition of Mr. Callaway for April 10, 2024, and to schedule two more depositions of Plaintiff's witness: the deposition of Yulhanaa Callaway (together, with Mr. Callaway, the "Callaways"), for April 11, 2024, and the deposition of Omarys Casado ("Casado"), for April 18, 2024. Def.'s Moving Br. at 10-11, 21; *see* Dkt. No. 30-12 at 1-11. Plaintiff and the deponents ultimately failed to appear for the scheduled Callaway depositions and Casado deposition and again left Defendant unaware and without prior notice. *Id.* at 20. Defendant incurred $4,781.77 in expenses from Plaintiff's failure to appear for those three depositions. *See* Dkt. No. 30-13 at 1-2, 5-8; Dkt. No. 30-15 at 2-3.

On May 6, 2024, the Court held a telephonic status conference and afforded the parties another opportunity to complete fact discovery by extending the deadline to June 30, 2024. Dkt. No. 28 at ¶ 1. The parties simultaneously scheduled the Callaway depositions for May 15 and May 16, 2024, and the Casado deposition for May 22, 2024. Dkt. No. 25 at 4. At Plaintiff's request, Defendant agreed to reschedule the Callaway depositions to the end of May, 2024, to allow Plaintiff additional time to serve updated discovery responses. Def.'s Moving Br. at 11. Unsurprisingly, Plaintiff cancelled the noticed Callaway depositions, scheduled for May 29, 2024 and May 30, 2024, each with less than twenty-hour hours' notice to Defendant. *Id.* Defendant expects to incur $785 in expenses for Plaintiff's last-minute cancellation of the Callaway depositions.[1] *See* Dkt. No. 30-14 at 2; Dkt. No. 30-15 at 3.

On May 31, 2024, Defendant filed the present motion for sanctions pursuant to Rule 37,

---

[1] Defendant predicts it will incur $785 in expenses from Plaintiff's untimely cancellations of the May 29, 2024 and May 30, 2024 scheduled Callaway depositions. However, Defendant's motion requests reimbursement in the amount of $540 for those cancellations, which is the expected cost of Plaintiff's cancellation of Mr. Callaway's May 29, 2024 deposition only. Def.'s Moving Br. at 12. Therefore, because Defendant has formally requested reimbursement in the amount of $540, that is the amount the Court will consider.

requesting reimbursement of $7,239.12 in expenses incurred by Plaintiff's failure to appear for four properly noticed depositions and $540 for Plaintiff's untimely cancellations of the Callaway depositions scheduled for May 29, 2024 and May 30, 2024. *See generally* Dkt. No. 30. Defendant argues that sanctions are warranted, first, because Plaintiff violated Rule 37(b) by failing to comply with the Court's January 17, 2024 directing Plaintiff to respond to Defendant's written discovery requests by February 2, 2024, and second, because Plaintiff's counsel and its witnesses violated Rule 37(d) by failing to appear for properly noticed depositions on numerous occasions. *See generally* Def.'s Moving Br.

In opposition, Plaintiff contends that it would be "manifestly unjust" for the Court to impose sanctions, since all of Plaintiff's representatives were deposed after Defendant's motion was filed. *See* Cert. of James N. Barletti ("Barletti"), Esq. in Opp'n to Mot. for Sanctions ("Barletti Cert."), Dkt. No. 33 at ¶¶ 3-4. Furthermore, Plaintiff's counsel attributes its belated written discovery responses to the hospitalization of Plaintiff's former counsel, Robert F. Gold, Esq. ("Gold"). *Id.* at ¶¶ 5-8. With respect to Mr. Gold's hospitalizations, Plaintiff's counsel notes that Mr. Gold was hospitalized on at least three occasions in the last quarter of 2023, each time for life threatening conditions. *Id.* at ¶ 7. On January 19, 2024, Mr. Gold sadly and unexpectedly passed away. *Id.* at ¶ 9. As a result, "[i]t took [Plaintiff] months" to file a substitution of attorney in this matter, and Plaintiff's present counsel, James N. Barletti, Esq., was not substituted as counsel in this matter until May 1, 2024. *Id.* at ¶¶ 12,13. Thus, in essence, Plaintiff "was not and could not be served" with any deposition notices after Mr. Gold passing on January 19, 2024 and until Mr. Barletti's substitution on May 1, 2024. *Id.* ¶ 14.

Defendant argues, to the contrary, that Mr. Barletti has been involved in this litigation from the outset. Defendant asserts that other than signing the pleadings, "there is no indication that Mr.

6

Gold was involved in this litigation, as opposed to Mr. Barletti." Def.'s Reply Br. at 3, Dkt. No. 34. Defendant points to Mr. Barletti's designation as co-counsel in Plaintiff's Complaint, Mr. Barletti's stipulation to an extension of time to file an Answer on May 2, 2023, Mr. Barletti's service of Plaintiff's Rule 26 disclosures on July 10, 2023, Mr. Barletti's agreement to produce Mr. Callaway for deposition on January 24, 2024, and Mr. Barletti's involvement in written discovery and appearances on behalf of Plaintiff at the Court's telephonic status conferences. *Id.* at 3-5; *see also* Dkt. Nos. 1-2 at 5. "Setting aside the unfortunate circumstances of Mr. Gold's passing," Defendant avers, "this was in no way a 'last minute' substitution of counsel who was uninvolved in the case." Therefore, Defendant submits Rule 37 sanctions apply. *Id.* at 5.

## II.   DISCUSSION

### 1. Legal Standard

Federal Rule of Civil Procedure 37 "governs sanctions against a party who fails to provide discovery as required by the discovery rules or a court order." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006). In particular, Rule 37(b)(2)(A) sets forth a variety of potential sanctions "if a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)," which may include prohibiting the offending party from supporting or opposing certain claims or defenses, striking pleadings, and dismissing the action in whole or in part. *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 577 (3d Cir. 2018) (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii), (v)). Likewise, Rule 37(d) governs sanctions against a party who, despite proper notice, fails to attend its own deposition or serve answers to interrogatories. *See* Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). Instead of or in addition to the sanctions prescribed by Rule 37(b)(2)(A)(i)-(iv), the court must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

7

failure was substantially justified . . . [.]" Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(3) (enumerating available sanctions for a party's failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection).

"Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). "The Court has broad discretion regarding the type and degree of sanctions it can impose . . . but the sanctions must be just and related to the claims at issue." *Wachtel*, 239 F.R.D. at 84.

2. **Rule 37(d)(1)(A)(i) Sanctions are Warranted**

Turning to the merits of Defendant's motion, the Court finds that Plaintiff has violated Rule 37(d)(1)(A)(i) by failing to appear for four properly noticed depositions and by canceling, at the last-minute, two more properly noticed depositions of its own witnesses. Moreover, Plaintiff has unnecessarily delayed this litigation by providing untimely discovery responses. Plaintiff's "[f]ail[ure] to appear for validly noticed depositions compels an award of monetary sanctions . . . ." Def.'s Moving Br. at 3 (citing *Henry v. Gill Indus. Inc.*, 983 F.2d 943, 947 (9th Cir. 1993)).

Plaintiff's counsel unpersuasively suggests that Mr. Gold's passing renders it "substantially justified" in failing to attend four scheduled depositions of its witnesses. *See generally* Barletti Cert. Plaintiff did not file a brief or cite case law in its Opposition in support of its position. *Id.* Notwithstanding, "[a] party is substantially justified in its failure to cooperate in discovery . . . if reasonable people could differ as the appropriateness of the contested action." *Incorvati v. Best Buy Co., Inc.*, No. 10-1939, 2011 WL 13363862, at *2 (D.N.J. Nov. 29, 2011) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). For example, this Court has held that a

8

party's failure to attend a deposition was substantially justified where that party was never served with a notice of deposition and thus could not have been expected to appear. *See Gambrell v. First Student*, No. 14-6758, 2017 WL 5465526, at * 4 (D.N.J. June 2, 2017).

Here, Plaintiff's counsel has not exhibited any willful or bad faith conduct, although his behavior is a "prime example of inexcusable negligent behavior." *Adams v. Trustee of N.J. Brewery Empls. Pension Tr. Fund*, 29 F.3d 863, 876 (3rd Cir. 1994). Mr. Gold's passing, while unfortunate, does not explain either Mr. Barletti's untimely and incomplete written discovery response, or his failure to appear for four properly noticed depositions of his own witnesses. Defendant has shown through a myriad of exhibits that Mr. Barletti has been intimately involved in this litigation from the beginning. *See* Def.'s Reply Br. at 3-5; Exs. A-B, D, G, P-V, Dkt. Nos. 30-1-30-2, 30-4, 30-7, 34-1-34-6. Mr. Barletti is designated as co-counsel in Plaintiff's Complaint. *Id.* Mr. Barletti requested extensions to various deadlines set by the Court, served and responded to written discovery, and communicated with Plaintiff's counsel via e-mail on numerous occasions, both before and after Mr. Gold's passing. *Id.* Hence, Mr. Barletti's participation in this action can only be described as continuous, and Mr. Gold's passing cannot, and should not, be used as a shield to excuse Mr. Barletti's noncompliance with discovery obligations.

Simply put, Plaintiff's repeated failure to appear for the properly noticed depositions of its own witnesses is sanctionable under Rule 37(d)(1)(A)(i). Plaintiff's failure is not excusable under Rule 37(d). What's more, Plaintiff has arguably violated Rule 37(b)(2)(A) by responding only impartially to certain interrogatories and "completely ignor[ing]" others from Defendant's first set in violation of this Court's January 17, 2024 Order directing Plaintiff to respond to Defendant's requested discovery by February 2, 2024. Accordingly, sanctions are warranted and "the court must require [Plaintiff or Plaintiff's counsel] . . . to pay the reasonable expenses, including

attorneys' fees" caused by Plaintiff's own failure to attend the depositions of its own witnesses. Fed. R. Civ. P. 37(d)(3).

Finally, because all of Plaintiff's witnesses have now been deposed, the Court denies Defendant's requests to prohibit Plaintiff from introducing testimony and evidence through the Callaways and Casado. *See* Barletti Cert. at ¶ 4; Dkt. No. 30 at ¶¶ 3-5. The Court also denies Defendant's request to strike Plaintiff's Second and Third Count of the Complaint, finding such action unnecessary in light of the Court's award of monetary sanctions for Plaintiff's failure to appear for properly noticed depositions. Dkt. No. 30 at ¶ 1; *see also* Fed. R. Civ. P. 37(d)(3) (providing that, rather than imposing alternative sanctions, the Court may order the noncompliant party to pay the reasonable expenses and attorneys' fees caused by the noncompliance); *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869 (3rd Cir. 1984) (holding that "the most direct and therefore preferable sanction for the pattern of attorney delay [and noncompliance] . . . would be to impose the excess costs caused by such conduct . . . [.]").

In sum, Defendant's motion for Rule 37 sanctions [Dkt. No. 30] is **GRANTED**. Defendant's request for an award of monetary sanctions in the amount of $7,779.12 for expenses incurred by Plaintiff's failure to appear for four (4) properly noticed depositions—the January 24, 2024 and April 10, 2024 depositions of Johnny Callaway; the April 11, 2024 deposition of Yulhanaa Callaway and the April 18, 2024 deposition of Omarys Casado; and Plaintiff's last-minute cancellations of two additional depositions—the May 29, 2024 and May 30, 2024 Callaway depositions, is **GRANTED**.

### III.    CONCLUSION & ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 19th day of December, 2024,

**ORDERED** that Defendant's motion for Rule 37 sanctions, attorney's fees, and costs [Dkt. No. 30] is **GRANTED**; and it is further

**ORDERED** that Plaintiff, or counsel for Plaintiff, James N. Barletti, Esq., shall make payment to Defendant in the amount of $7,779.12 for Plaintiff's failure to appear for the depositions of its witnesses, Johnny Callaway, individually and as corporate designee, Yulhanaa Callaway, and Omarys Casado, pursuant to Fed. R. Civ. P. 37(d)(3).

s/James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**